### PICKERING, Admr. v. KOESLING et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8380.  Decided Mar. 19, 1928.

Syllabus by Editorial Staff.

**552a. FOSTER CHILDREN — 362a. Decedents' Estates.**
Foster children can inherit from foster parents, but cannot inherit through them.

Appeal from Common Pleas.

Decree for plaintiff.

F. K. Pickering, Cleveland, for Pickering, Admr.
Klein, Harris & Diehm and Payer, Minshall, Karch & Kerr, Cleveland, for Koesling et.

### STATEMENT OF FACTS.
It seems that the plaintiff, Pickering, was the administrator of the estate of Mathias Hartman, who died intestate, leaving no wife nor children, and Pickering was appointed by the Probate Court of this County as administrator of the estate which amounted to something like $22,000.

It seems that Mrs. Koesling, having no children of her own, she and her husband adopted two children and that she died before her brother, the decedent Hartman, of whose estate Pickering is administrator. It seems that the decedent left eight first cousins and six children of three deceased first cousins surviving him, who are next of kin and entitled to inherit this property, unless these two foster children of the decedent's sister are preferred.

It is claimed by the foster children that under the statute they are nearer in descent to the decedent than the other claimants of this estate, but they admit in open court, that the contestants are relatives entitled to inherit if they are not, but that these claimants are more remote in relationship to the decedent than the two foster children and they base this contention upon the statute, Section 8030 General Code, which provides that foster children are to be deemed and treated as natural children and entitled to all the benefits that natural children would have from the parents. It is claimed in argument that as the law now stands, they can not only inherit from the foster father and mother, but they can inherit through the foster parents.
VICKERY, J.
Now it must be remembered that the foster mother, the sister of this decedent, died long prior to the decedent's death and that the foster mother was never seized, either directly or in expectancy of anything that was left by the brother. Of course, if she had natural children, her own children, they would be the nephews and nieces of the brother of the foster mother, but because the statute makes the foster children capable of inheriting from the father and mother, does that make them nieces and neph-

ews of a brother or sister of the foster father or foster mother? We think not. We think the law is well settled in Ohio, as cited in the case of Quigley v. Mitchell, 41 OS. 375, where the court expressly holds that foster children can inherit from but not through the foster parents. This doctrine was re-affirmed and re-asserted in the case of Phillips, Executor, v. McConica, Guardian, 59 OS. 1, but it is argued that since that case was decided the statute has been changed. It has been changed, but we think the change has still made it clear that from all except the foster brothers and sisters they could not inherit from any other relative. Under the law as it now stands, if the foster parents of these claimants had a natural child and the decedent in the instant case had died intestate, the money would have gone to that nephew or niece, the natural child of the decedent's sister, and had such natural child died after he had inherited that money, then the foster brother and sister could have inherited from him. That is what the change of the statutes means, and that is all it does mean. It does not enlarge the right to inherit through foster parents, except as is mentioned in the statute.

To show that they are not the same as natural children: If the foster children had parents that were rich and they died intestate, the foster children, notwithstanding they had been adopted by somebody else and somebody else was liable for their support, would still be the heirs of the natural parents, and nobody would claim, because they were entitled to inherit from their natural parents, that their foster brothers and sisters, children of the foster parents would be entitled to inherit with them from their natural parents. This shows a different relation existing between them, and the statute was passed to protect, so far as it could protect, the foster children, so that they should be treated like natural children out of the estate of their foster parents who died intestate. They can participate in a division of the foster parents' estate, for it would be manifestly unjust to deprive them of benefits when they have been regarded as children always, but how that can affect the rights of third persons who had nothing to say about their adoption and were not responsible for their keep nor entitled to their services in any way, how they could say that could apply to third persons, to outside persons, we do not understand.

We think it is clear and unequivocal that the foster children can inherit from the foster parents, but they cannot inherit through them, and a decree will be entered for the plaintiff, order see journal.

(Sullivan, PJ., concurs. Levine, J., not sitting.)